IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY LINSTON GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:11-CV-193 (MTT) |
| SIDONIE HALL, | : | |
| Defendant | : | |
| _____ | : | **ORDER** |

Plaintiff **GREGORY LINSTON GILLILAN,** presently incarcerated at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719,

721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has a prolific filing history. In fact, since 2006 he has filed more than 160 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia. At present, at least eleven (11) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Gillian v. Pollark,* 1:07-CV-50 (WLS)(M. D. Ga. April 4, 2007); *Gillilan v. Galloway*, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); *Gillilan v. Scarborough*, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); *Gillilan v. Harrison*, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); *Gillilan v. Bell,* 1:07-CV-3 (WLS) (M. D. Ga. January 11, 2007); *Gillilan v. Thomas*, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); *Gillilan v. Johnson*, 1:06-CV-177 (WLS)(M. D. Ga. January 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); *Gillilan v. Cannon*, 1:06-CV-114 (WLS)(M. D. Ga. August 8, 2006); *Gillian v. Hilton*, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006)(Additionally, a later appeal was dismissed in this case on May 8, 2007).

Because Plaintiff has had at least eleven (11) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff seems to indicated that on March 29, 2011, Defendant Hall withheld his seizure medications and advised him that he needed a mental health evaluation. Plaintiff states that Defendant Hall is not "traind (sic) or licsence (sic) in no (sic) medical area" and, therefore, she illegally impersonated medical staff when she recommended he receive mental health treatment. Plaintiff also states that he had a seizure, with arm injury, on March 30, 2011 and a seizure, with head injury, on April 2, 2011.

Plaintiff requests the court to "order the [D]efendant to reframe (sic) from medical issues."

Plaintiff's allegations do now show that he is in any present "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner must show a present "imminent danger," as opposed to a past danger to proceed under § 1915(g)). Specifically, Plaintiff dated his complaint April 7, 2011. On April 7, 2011, Plaintiff was confined at Central State Prison and Defendant Hall, at least arguably, might have had some control over his medication. However, the envelope in which Plaintiff mailed this Court his complaint is postmark dated May 17, 2011 and the Court received the Complaint on May 19, 2011. By May 17, 2011, Plaintiff was no longer confined at Central State Prison.

The Georgia Department of Corrections reports that on April 14, 2011, Plaintiff was transferred from Central State Prison to Johnson State Prison. Moreover, at least two cases filed in this Court on April 20, 2011 verify that Plaintiff was incarcerated in Johnson State Prison. *See Gillian v. Slappy*, 5:11-CV-150 (MTT) and *Gillilan v. Pope*, 5:11-CV-151 (CAR). Thereafter, Georgia Department of Corrections reports that Plaintiff was transferred to Rogers State Prison on April 22, 2011. Plaintiff remains incarcerated at Rogers State Prison and it was from Rogers State Prison that he mailed the current complaint. Defendant Hall, who is employed at Central State Prison, has no control over Plaintiff's medication while he is incarcerated at Rogers State Prison and she had no control over his medication when he mailed this Complaint on or about May 17, 2011. Therefore, Plaintiff has failed to show any present, as opposed to past, imminent danger.

Additionally, there is no way for the Court to provide Plaintiff the only relief he requests: "order the [D]efendant to reframe (sic) from medical issues." Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another

prison. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985).

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.[1]

**SO ORDERED**, this 19th day of May, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[1] In ***Dupree v. Palmer***, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Plaintiff should be aware that even if he should pay the full filing fee and re-file this action, there would be no way for the Court to grant Plaintiff the injunctive relief he requests against this Defendant.